THOMAS E. MONTGOMERY, County Counsel
County of San Diego
By RICKY R. SANCHEZ, Senior Deputy (SBN 107559)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531- 4874 Fax: (619) 531-6005
E-mail: ricky.sanchez@sdcounty.ca.gov

Attorneys for Defendant County of San Diego

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. HARTSELL,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SAN DIEGO; SAN DIEGO COUNTY DEPUTY SHERIFF TRENTON STROH; DOES 1 – 15,<br><br>    Defendants. | No. 16-cv-1094-LAB(JMA)<br><br>DEFENDANT COUNTY OF SAN DIEGO'S ANSWER TO COMPLAINT<br><br><u>Jury Trial Demanded</u> |

Defendant County of San Diego answers plaintiff's complaint as follows:

1. Answering paragraphs 1, 2, 3, 5, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 21, and 22 of the complaint, defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein and thus denies generally and specifically each and every allegation contained therein.

2. Answering paragraph 4 of the complaint, defendant denies generally and specifically each and every allegation contained therein except defendant admits that the County of San Diego is a political subdivision of the State of California, and that Trenton Stroh is employed by the County of San Diego as a deputy sheriff.

3. Answering paragraphs 6 and 20 of the complaint, defendant denies generally and specifically each and every allegation contained therein.

4. Answering paragraph 7 of the complaint, defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein and thus denies generally and specifically each and every allegation contained therein except defendant admits that a claim was filed and plaintiff's claim was rejected in writing.

5. Answering paragraph 18 of the complaint, defendant denies generally and specifically each and every allegation contained therein except defendant admits that Deputy Stroh issued a canine warning

6. The First Claim For Relief 42 U.S.C. § 1983 (Excessive Force) as alleged in paragraphs 23 through 31 of the complaint is not directed or alleged against the County of San Diego therefore no response to paragraphs 23 through 31 of the complaint is set forth herein.

7. Answering paragraph 32 of the complaint, defendant realleges and incorporates herein by reference paragraphs 1 through 5 above as though each were realleged in full pursuant to its corresponding paragraph of plaintiff's complaint.

8. Answering paragraphs 33, 34 and 35 of the complaint, defendant denies generally and specifically each and every allegation contained therein.

9. Answering paragraph 36 of the complaint, defendant realleges and incorporates herein by reference paragraphs 1 through 5 above as though each were realleged in full pursuant to its corresponding paragraph of plaintiff's complaint.

10. Answering paragraph 37, 38, 39, 40 and 41 of the complaint, defendant denies generally and specifically each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

1

As a first, separate and distinct affirmative defense, defendant alleges that the complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

2

As a second, separate and distinct affirmative defense, defendant alleges that plaintiff himself acted unreasonably, carelessly and negligently in and about the matters alleged in the complaint in that plaintiff did not exercise ordinary care, caution or prudence for his own safety and protection.  These acts of unreasonableness, carelessness and negligence were the proximate cause of the alleged injuries, losses and damages, if there were any.  However, if defendant is found legally responsible to plaintiff, then defendant provisionally alleges that its acts or omissions were not the sole and proximate cause of plaintiff's injuries and damages and that the damages awarded are to be apportioned according to the respective fault and legal responsibility of all parties, persons and entities who contributed to and/or caused the injuries and damages, according to proof presented at the time of trial.

3

As a third, separate and distinct affirmative defense, defendant alleges it is not liable by operation of sections 815.2, subdivision (b), and 820.2 of the Government Code in that the injuries and damages, if there were any, resulted from exercise of discretion vested in public officers and employees.

4

As a fourth, separate and distinct affirmative defense, defendant alleges that it is not liable by operation of sections 815.2, subdivision (b), and 820.4 of the Government Code for the execution or enforcement of the law by public officers or employees exercising due care.

5

As a fifth, separate and distinct affirmative defense, defendant alleges that it is not liable on common law claims and is only liable pursuant to statute by operation of section 815 of the Government Code.

/ / /

/ / /

6

As a sixth, separate and distinct affirmative defense, defendant alleges that it is not subject to vicarious liability on claims asserted under 42 U.S.C. § 1983.

7

As a seventh, separate and distinct affirmative defense, defendant alleges that that the action is barred by the failure of plaintiff to timely comply with the administrative claim provisions of section 945.4 of the Government Code.

8

As an eighth, separate and distinct affirmative defense, defendant alleges that the action is barred by the failure of plaintiff to commence the action within the time required by section 945.6 of the Government Code.

9

As a ninth, separate and distinct affirmative defense, defendant alleges the action is barred by the statute of limitations.

10

As a tenth, separate and distinct affirmative defense, defendant alleges that the action is barred by plaintiff's failure to exhaust administrative remedies, including but not limited to, internal administrative procedures and/or statutory administrative procedures and, therefore, this Court lacks jurisdiction over plaintiff's claims.

11

As an eleventh, separate and distinct affirmative defense, defendant alleges plaintiff failed, refused, and neglected to reasonably mitigate his damages, which bars or diminishes any recovery.

12

As a twelfth, separate and distinct affirmative defense, defendant alleges that pursuant to Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided before trial commenced.

13

As a thirteenth, separate and distinct affirmative defense, defendant allege that it is not liable by operation of section 815.2, subdivision (b), of the Government Code, and section 835a of the Penal Code in that the physical force and contact utilized was reasonable to effect a lawful arrest, to prevent escape, in defense of the officer(s) and/or others, or to overcome resistance.

14

As a fourteenth, separate and distinct affirmative defense, defendant alleges that it is not liable for punitive or exemplary damages by operation of Government Code section 818, and *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

15

As a fifteenth, separate and distinct affirmative defense, defendant alleges that on or before the date of the subject accident or incident, plaintiff knew or reasonably should have known the hazards or dangers involved and, as a result, voluntarily assumed the risks in and about the matters alleged in the complaint.

16

As a sixteenth, separate and distinct affirmative defense, defendant alleges that the plaintiff's conduct was undertaken with unclean hands, and as such he is estopped from pursuing his claims.

WHEREFORE, defendant prays as follows:

1. That the action be dismissed with prejudice;
2. That plaintiff take nothing by his action;
3. That defendant recover costs of suit incurred herein, including attorneys' fees; and
4. For such other and further relief as the Court deems proper and just.

DATED: May 25, 2016   THOMAS E. MONTGOMERY, County Counsel

By: /s/RICKY R. SANCHEZ, Senior Deputy
Attorneys for Defendant County of San Diego

5

No. 16-cv-1094-LAB (JMA)