# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. HARTSELL,<br><br>        Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, et al.<br><br>        Defendants. | CASE NO. 16cv1094-LAB (JMA)<br><br>**ORDER DENYING MOTION TO FILE UNDER SEAL [Dkt. 43]** |

As part of their recent Motion for Summary Judgment, Defendants moved to file five documents under seal, arguing that these materials are "sensitive law enforcement documents that contain highly confidential information." Dkt. 43. The documents all relate to the law enforcement investigation that led to the arrest at issue in this Section 1983 suit. Specifically, the documents include the arrest warrant, the operational plan for Plaintiff's arrest, reports detailing the execution of the warrant, and a training plan for police canines. *Id.* Defendants note that Plaintiff is already in possession of these documents through pre-trial discovery. *Id.*

Because Defendants' Motion to Seal relates to a dispositive motion, Defendants must meet the "high threshold showing that 'compelling reasons' support secrecy." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). While warrant materials are generally shielded from public disclosure during the course of that

- 1 -

investigation, "the common law right of access applies to warrant materials after 'an investigation has been terminated.'" *United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1192 (9th Cir. 2011) (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1221 (9th Cir. 1989).

The Court finds that there is no compelling reason for the documents here to be filed under seal. Defendants' investigation into Plaintiff's criminal activity has concluded, so there is no ongoing investigation that disclosure could jeopardize, and Defendants have not submitted affidavits or put forward other evidence showing what prejudice or harm could result if these documents are filed in the public record. Although Defendants make a cursory argument that the documents contain "sensitive information," there is no reference in the documents to any other pending investigations, the names of informants, or other sensitive information that would overcome the public's general right of access. Indeed, portions of the documents have already been redacted, which suggests that the remaining information is not especially sensitive.

Given that documents underlying a dispositive motion are presumptively public, this Court finds that these documents—some of which bear directly on whether the force used in the arrest at issue in this case was reasonable—should not be filed under seal. Defendants' Motion to Seal is **DENIED WITHOUT PREJUDICE**. If Defendants insist that the lodged materials be filed under seal, they must identify the specific provisions in the lodged materials that constitute "sensitive information," redact only those specific provisions, and re-file their motion with a detailed description of why sealing those provisions meets the "compelling reason" standard set out in *Kamakana,* 447 F.3d 1172. Defendants must either re-file their Motion to Seal or file the documents publicly by **October 19, 2018**.

**IT IS SO ORDERED**.

Dated: October 11, 2018

**HONORABLE LARRY ALAN BURNS**
United States District Judge