# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael A. Hartsell,<br><br>    Plaintiff,<br><br>v.<br><br>County of San Diego; San Diego County Deputy Sheriff Trenton Stroh; Does 1-15<br><br>    Defendants. | No. 16cv1094-LAB-LL<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY [Dkt. 86] |

An old adage teaches that when you point one finger, there are three fingers pointing back to you. Plaintiff Michael Hartsell's Motion to Reopen Discovery accuses Defendants of withholding information in discovery through a combination of incomplete disclosures and misleading deposition statements. Dkt. 86 at 7-8; Dkt. 80 at 2. But as the adage suggests, Hartsell casts blame while disregarding his own greater fault. The Court **DENIES** the motion.

## Background

This case concerns a dog bite Hartsell suffered when San Diego County Deputy Sheriff Trenton Stroh and his K-9 partner, Bubo, arrested him on May 21, 2015. Hartsell brings claims for improper use of force, battery, and negligence against Stroh and the County of San Diego.

Hartsell asks to re-open fact discovery, which closed on April 27, 2018. He mistakenly believed that Bubo retired in September 2016, so he didn't seek information on Bubo's career after that date. While this case was on interlocutory appeal, Hartsell learned that he had been mistaken. Instead of retiring in 2016, Bubo continued to serve the Sheriff's Department with another officer, Jason Balinger. Bubo eventually retired sometime before March 23, 2018. Hartsell now wants to depose Balinger and request documents regarding Bubo's post-incident behavior and training.

**Hartsell Hasn't Demonstrated Good Cause to Reopen Discovery**

Courts have "broad discretion" to modify discovery deadlines upon a showing of good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Mammoth Recreations*, 975 F.2d at 609. But even diligence won't establish good cause to seek irrelevant evidence. *See* Fed. R. Civ. P. 26(b)(1) (limiting discovery to matters "relevant to any party's claim or defense").

There is no good cause to reopen discovery here, with trial only two months away. Most of the information Hartsell seeks is irrelevant. The rest, if it exists at all, would be relevant only to a secondary issue that may not be controverted. More critically, Hartsell did not diligently pursue discovery of that information when he had the chance.

I.   Further Discovery Is Unlikely to Bear Relevant Fruit

The evidence Hartsell wants is doubtfully relevant—a view Hartsell's counsel apparently held while discovery was underway. *See* Dkt. 93-1 at 15 ("I don't have any interest in anything after the [May 21, 2015] event"). Evidence is relevant where it "has any tendency to make a fact more or less probable than it would be without the evidence[,] and [that] fact is of consequence in determining the action." Fed. R. Evid. 401.

Hartsell's primary argument is that Bubo's post-incident behavior is relevant to Defendants' knowledge of Bubo's "proclivities." Dkt. 86 at 10. This just isn't so. Whatever Defendants knew of Bubo's proclivities in May 2015, they certainly couldn't know what he would do in the future. *See, e.g., Maganyes v. Terrance*, 739 F.2d 1131, 1136 (7th Cir.

1983) (affirming trial court's exclusion of similar subsequent events as "both prejudicial and irrelevant"). Hartsell argues that post-incident events make it more likely that similar events occurred pre-incident—if Bubo was dangerous in 2017, he must have been in 2015, too, and Defendants must have known. But this reasoning takes the sort of propensity inference that Rule 404(b)(1) counsels against and piles on top of it speculation that whatever past misbehavior Bubo engaged in, Defendants must have known of it. Fed. R. Evid. 404(b)(1). Neither of these improper steps can establish that Bubo's subsequent behavior is relevant.

Rule 404(b)(2) doesn't get Hartsell any further. That Rule permits admission of "[e]vidence of a crime, wrong, or other act" to "prov[e] . . . *knowledge*." Fed. R. Evid. 404(b)(2). But evidence of other acts only "may" be admissible when offered to prove knowledge: Rule 404(b)(2) doesn't transmute irrelevant lead to admissible gold. *Id.* Acts that shed no light on a defendant's knowledge or any other issue are still irrelevant and inadmissible. *See* Fed. R. Evid. 401; *see also, e.g., U.S. v. Mothershed*, 859 F.2d 585, 590 (8th Cir. 1988) (trial court erred by admitting evidence of prior conviction where conviction was irrelevant to intent). Irrelevant evidence of Bubo's subsequent behavior can't be made admissible with an incorrect assertion that it proves knowledge.

The argument that Bubo's post-incident training shows the feasibility of precautionary measures is closer to the mark, but not close enough. Evidence offered for that purpose is admissible where feasibility is controverted. Fed. R. Evid. 407. But Hartsell offers no reason to believe that Bubo received any of the "enhanced training" that he hopes to uncover. Dkt. 86 at 9. Nor does he give any indication that Defendants dispute feasibility. These might be proper subjects for timely discovery, but the bare possibility that facts may exist and may be admissible isn't enough to support exercising discretion to reopen discovery.

II.     Hartsell Didn't Diligently Pursue the Discovery at Issue

These relevance and admissibility issues weigh against finding good cause to reopen discovery, but Hartsell has a still bigger problem. Good cause doesn't exist in the absence

of diligence, and Hartsell wasn't diligent. *See Mammoth Recreations*, 975 F.2d at 609 (diligence required for good cause). He had ample opportunity to ask about Bubo's post-incident career. Deposing Stroh in March 2018, Hartsell's counsel stopped just short:

> Q: And this was Bubo that bit you [in September 2016]?
>
> A: Yes.
>
> Q: Okay. And do you know where Bubo is now? Is he reassigned?
>
> A: No. He's not reassigned. He's retired.

Dkt. 86-1 at 29. Counsel surmised from this exchange that Bubo retired in September 2016 but didn't follow up to confirm his assumption. Dkt. 86 at 4-5. The omission may stem from counsel's apparent view, since changed, that Bubo's post-incident career is irrelevant to Hartsell's claims. Dkt. 93-1 at 15. But regardless of whether counsel intended to pursue that line of discovery, he didn't pursue it diligently when he had the chance. *See Mammoth Recreations, Inc.*, 975 F.2d at 609.

Facing these unfavorable facts, Hartsell tries to shift focus to Defendants. Deputy Stroh's answer was dishonest, he says, or Defendants' counsel should have offered the information unbidden. Dkt. 86 at 7-8. There is no support for either charge. Counsel asked Stroh about Bubo's status "now"—in March 2018—and whether the dog "is" reassigned. Dkt. 86-1 at 29. Nothing in Hartsell's briefing contradicts Stroh's answer that Bubo "[is] retired." In everyday conversation, Stroh's response might be a dodge. But Stroh was at a deposition, and deponents aren't required to answer unasked questions.

Nor is Defense counsel at fault for not disclosing Balinger's potential relevance. Rule 26(a)(1) requires a party to disclose only individuals that the party "may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1). The Rule's plain language doesn't compel Defendants to speculate about individuals that an opposing party may use to support its claims. Absent any indication that Defendants intend to use Balinger to support their defenses, Defendants can't be blamed for not disclosing him.

**Conclusion**

Hartsell points a finger at Defendants by claiming that they were hiding evidence. He overlooks the three fingers reminding him that he didn't seek the discovery he wants when he had the chance. Because Hartsell was not diligent then, there is no good cause to re-open discovery now. Hartsell's motion is **DENIED**.

DATED: July 28, 2020

_____
HON. LARRY ALAN BURNS
United States District Judge