UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. HARTSELL,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF SAN DIEGO; SAN DIEGO COUNTY DEPUTY SHERIFF TRENTON STROH; DOES 1-15,<br><br>    Defendants. | No. 16-cv-1094-LAB-LL<br><br>**ORDER STRIKING DEFENDANTS' AFFIRMATIVE DEFENSE UNDER CAL. CIV. CODE § 3333.3**<br><br>Trial Date: 9/28/20 @ 1:00 pm<br>Courtroom 14A |

In 2015, San Diego County Sheriff's Deputy Trenton Stroh used a police dog to seize and retrieve a suspect, Plaintiff Michael Hartsell, who had fled into a thicket of bushes during the chase. During the encounter with Hartsell, the dog bit and held him. Following the initial deployment and bite—which the Court previously held to be subject to qualified immunity—Deputy Stroh directed Hartsell to crawl out of the thicket. Hartsell did so with the dog still attached to his arm. Stroh removed the dog once Hartsell was out of the thicket, but Hartsell alleges that he suffered severe injuries to his arm from the dog's reaction to his attempting to move as Stroh directed while the dog was biting him. Hartsell was subsequently convicted of conspiracy to distribute methamphetamine, admitting in his plea agreement that the conspiracy extended through the date of his arrest.

As relevant to this order, Hartsell alleges a claim for negligence against the County of San Diego and Deputy Stroh. Defendants assert a defense to that claim under Cal. Civ.

1  Code § 3333.3, which bars recovery of damages "in any action for damages based on
2  negligence" "if the plaintiff's injuries were in any way proximately caused by the plaintiff's
3  commission of any felony, or immediate flight therefrom, and the plaintiff has been duly
4  convicted of that felony." There is no dispute that Hartsell was convicted of felony
5  conspiracy to distribute methamphetamine, that the conspiracy continued up to and
6  including the date of his arrest, and that his injuries occurred during and as a result of his
7  flight. And Defendants contend that Hartsell's injuries were proximately caused by his
8  flight, not by the conspiracy itself. Dkt. 203 at 3 ("Plaintiff's injuries were . . . proximately
9  caused by his flight").

That leaves only the question of whether Hartsell's flight was "immediate flight" from "commission of" conspiracy to distribute methamphetamine. The Court directed briefing on this question, notifying the parties that it anticipated deciding the applicability of § 3333.3 as a matter of law. Because the Court finds that Hartsell's flight was neither immediate nor from the commission of his felony, it **STRIKES** Defendants' affirmative defense based on § 3333.3. *See* Fed. R. Civ. P. 12(f).

As the California Court of Appeals has explained, voters considering Proposition 213, which included § 3333.3, were told that its purpose was to limit recovery for losses suffered "while . . . fleeing from [a] crime scene." *Jenkins v. County of Los Angeles*, 74 Cal. App. 4th 524, 531 (1999) (quoting ballot pamphlet for Proposition 213).[1] In keeping with this purpose, the *Jenkins* court found that flight from arrest isn't the same as flight from commission of a felony, even where a suspect/plaintiff fled while in possession of the felony's fruits. *See id.* at 535 (plaintiff who fled arrest in stolen vehicle not necessarily in

---

[1] *Espinosa v. Kirkwood*, 185 Cal. App. 4th 1269 (2010), which Defendants quote for the proposition that § 3333.3's scope more broadly covers "the flight to avoid apprehension for the crime," doesn't compel a different interpretation. The *Espinosa* court was paraphrasing the same "flight from a crime scene" language while deciding the scope of § 3333.3's causation requirement, not its "flight" provision. To the extent the court intended the paraphrase to differ substantively from language it quoted elsewhere, that formulation is dicta.

"immediate flight" from commission of the theft). Nor is flight only a few hours after commission of the crime necessarily immediate flight from commission of the felony. *Id.*

Treating Hartsell's flight as an immediate flight from commission of his crime would disregard these distinctions. There's no contention that Hartsell was engaged in any acts in furtherance of the conspiracy when he fled—Defendants argue that Hartsell was *using* methamphetamine at the time, rather than distributing it. *See* Dkt. 203 at 4; *see also Jenkins*, 74 Cal. App. 4th at 535 (defendant illegally operating stolen vehicle not necessarily fleeing from separate offense of stealing that vehicle). To the contrary, Hartsell's conviction relied solely on his commission of an overt act nearly two months prior. *See* Dkt. 203-1 at 4.[2]

Defendants are left to argue that any flight from arrest for a continuing conspiracy is necessarily immediate flight from the commission of that offense. *See* Dkt. 203 at 5 (arguing that flight from arrest during ongoing conspiracy is always "immediately" from felony's "commission"). There's a mechanical logic to declaring that a conspiracy covers all moments between agreement and termination, so any flight from arrest in that time must be "immediate" and from the commission of the conspiracy. But importing a doctrine designed for statute of limitations analysis into a ballot initiative designed for another purpose wouldn't accord with voters' intent. *See, e.g., People v. Valencia*, 3 Cal. 5th 347, 373 (2017) ("unreasonable to conclude" that voters intended to incorporate body of law by reference without other indicia of intent). Here, the statutory language and ballot pamphlet indicate that the voters' intent was to limit § 3333.3's flight provision to "immediate" flight from the "crime scene." Using an unrelated statute of limitations doctrine to treat *all* flight as immediate and any place a conspirator may be as the "crime scene" would conflict with that intent.

---

[2] To the extent Hartsell could have been convicted based on an overt act occurring at the time of his arrest—and Defendants don't point to any evidence to that effect—the Court declines to hold a mini-trial on that issue. *Cf. King v. Ahrens*, 16 F.3d 265 (8th Cir. 1994) (purpose of Rule 608 is "to avoid holding mini-trials on peripherally related . . . matters").

Hartsell wasn't in immediate flight from the commission of his crime when he was injured, so Cal. Civ. Code § 3333.3 doesn't apply in this case. The Court exercises its discretion to find the affirmative defense based on that statute insufficient as a matter of law and **STRIKES** the defense. *See Fed. Sav. And Loan Ins. Corp. v. Gemini Management*, 921 F.2d 241, 243 (9th Cir. 1990) (reviewing decision to strike affirmative defense for abuse of discretion); Fed. R. Civ. P. 12(f) (permitting court to strike affirmative defense at any time).

**IT IS SO ORDERED.**

Dated:  September 26, 2020

*[signature: Larry A. Burns]*

HON. LARRY A. BURNS
Chief United States District Court Judge